Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, NY 10170
Telephone: (332) 345-4500
Facsimile: (716) 853-5199
Email: bparseghian@lippes.com

Attorneys for Defendant
OPTIO SOLUTIONS, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NATHAN D. RUTZ, | Case No.: 3:25-cv-2102-JSC |
| Plaintiff, | **DEFENDANT OPTIO SOLUTIONS, LLC'S ANSWER** |
| v. | |
| OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES and WESTERN WEALTH COMMUNITIES, | |
| Defendants. | |

Defendant Optio Solutions, LLC ("Defendant"), by and through its undersigned attorneys, for its Answer to Plaintiff's Complaint, upon information and belief, states as follows:

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 ("TDCA"). Defendant denies that it violated said statutes.

## JURISDICTION AND VENUE

2.  The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

3.  The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

4.  Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 4 and, therefore, denies same.

## PARTIES

5.  Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 and, therefore, denies same.

6.  Admitted in part. Defendant admits that it is a limited liability company with a principal place of business in Petaluma, California. The remaining allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation in Paragraph 6.

7.  Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 7 and, therefore, denies same.

8.  Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 8 and, therefore, denies same.

## FACTS SUPPORTING CAUSE OF ACTION

9.  Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 9 and, therefore, denies same.

10. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 10 and, therefore, denies same.

11. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 and, therefore, denies same.

1   12. Defendant lacks knowledge and information sufficient to form a belief as to the
2 allegations in Paragraph 12 and, therefore, denies same.
3   13. Defendant lacks knowledge and information sufficient to form a belief as to the
4 allegations in Paragraph 13 and, therefore, denies same.
5   14. Defendant lacks knowledge and information sufficient to form a belief as to the
6 allegations in Paragraph 14 and, therefore, denies same.
7   15. Defendant lacks knowledge and information sufficient to form a belief as to the
8 allegations in Paragraph 15 and, therefore, denies same.
9   16. Defendant lacks knowledge and information sufficient to form a belief as to the
10 allegations in Paragraph 16 and, therefore, denies same.
11   17. Defendant lacks knowledge and information sufficient to form a belief as to the
12 allegations in Paragraph 17 and, therefore, denies same.
13   18. Defendant lacks knowledge and information sufficient to form a belief as to the
14 allegations in Paragraph 18 and, therefore, denies same.
15   19. Defendant lacks knowledge and information sufficient to form a belief as to the
16 allegations in Paragraph 19 and, therefore, denies same.
17   20. Defendant lacks knowledge and information sufficient to form a belief as to the
18 allegations in Paragraph 20 and, therefore, denies same.
19   21. Defendant lacks knowledge and information sufficient to form a belief as to the
20 allegations in Paragraph 21 and, therefore, denies same.
21   22. Defendant lacks knowledge and information sufficient to form a belief as to the
22 allegations in Paragraph 22 and, therefore, denies same.
23   23. Defendant lacks knowledge and information sufficient to form a belief as to the
24 allegations in Paragraph 23 and, therefore, denies same.
25   24. Defendant lacks knowledge and information sufficient to form a belief as to the
26 allegations in Paragraph 24 and, therefore, denies same.
27   25. Defendant lacks knowledge and information sufficient to form a belief as to the
28 allegations in Paragraph 25 and, therefore, denies same.

26. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 26 and, therefore, denies same.

27. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 27 and, therefore, denies same.

28. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 28 and, therefore, denies same.

29. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 29 and, therefore, denies same.

30. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 30 and, therefore, denies same.

31. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 31 and, therefore, denies same.

32. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 32 and, therefore, denies same.

33. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 33 and, therefore, denies same.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 35 and, therefore, denies same.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**PLAINTIFF AGAINST QCS**

38. With respect to Paragraph 38 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. The allegations in Paragraph 39 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 39.

40. The allegations in Paragraph 40 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 40.

41. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 41 and, therefore, denies same.

42. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 42 and, therefore, denies same.

**a. Violations of FDCPA § 1692d and 12 CFR § 1006.14**

43. The allegations in Paragraph 43 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 43.

44. The allegations in Paragraph 44 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

**b. Violations of FDCPA § 1692e**

47. The allegations in Paragraph 47 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 47.

48. The allegations in Paragraph 48 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

**c. Violations of FDCPA § 1692f**

51. The allegations in Paragraph 51 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

## COUNT II – VIOLATIONS OF

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## PLAINTIFF AGAINST QCS

54. With respect to Paragraph 54 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 53 with the same force and effect as if fully set forth herein.

55. The allegations in Paragraph 55 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 55.

56. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 56 and, therefore, denies same.

57. The allegations in Paragraph 57 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 57.

**a.     Violations of RFDCPA § 1788.11**

58. The allegations in Paragraph 58 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

**b.     Violations of RFDCPA § 1788.17**

60.     The allegations in Paragraph 60 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

**COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

63.     With respect to Paragraph 63 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 62 with the same force and effect as if fully set forth herein.

64.     The allegations in Paragraph 64 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 64.

65.     Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 65 and, therefore, denies same.

66.     The allegations in Paragraph 66 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 66.

67.     Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 67 and, therefore, denies same.

**a. Violations of TDCA § 392.302**

68.     The allegations in Paragraph 68 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.

**b. Violations of TDCA § 392.304**

70. The allegations in Paragraph 70 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 70.

71. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 71 and, therefore, denies same.

72. Defendant denies the allegations in Paragraph 72.

### FIRST AFFIRMATIVE DEFENSE

73. Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

74. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant has no control or authority.

### THIRD AFFIRMATIVE DEFENSE

75. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

77. To the extent that Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

### SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff lacks standing to prosecute a cause of action pursuant to the RFDCPA because Plaintiff was never a resident of the State of California.

1     WHEREFORE, Defendant Optio Solutions, LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together with such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:     April 1, 2025

**LIPPES MATHIAS LLP**

s/ Berj K. Parseghian
Berj K. Parseghian
Attorneys for Defendant
Optio Solutions, LLC